IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:18-cv-00098-MR-WCM

| | | |
|---|---|---|
| JOSHUA T. GRIFFIN, | ) | |
| | ) | |
| PLAINTIFF, | ) | ORDER |
| | ) | |
| V. | ) | |
| | ) | |
| SHANNON MORTIER | ) | |
| *In her official and individual capacities*, | ) | |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

This matter is before the Court on Defendant Shannon Mortier's Combined Motion and Memorandum to Amend the Scheduling Order, Motion to Compel, and Motion for Sanctions (the "Motion," Doc. 56).

A hearing on the Motion was conducted by the undersigned on August 23, 2021. Attorney Adam Peoples appeared for Defendant and Attorney Walter Daniels appeared for Plaintiff.

Following oral argument, the undersigned provided counsel with two separate opportunities to confer regarding the issues raised in the Motion and identified during the hearing. Counsel reported that the parties had reached agreement on most of the issues in dispute. Having considered the Motion, the arguments of counsel, and the proposed stipulations/requests of the parties, the Court, in its discretion, found that the parties' proposals for the disposition of the

issues relative to the Motion should be accepted in part and issued an oral order to that effect.

This Order memorializes that disposition.

**IT IS THEREFORE ORDERED THAT** the Motion (Doc. 56) is **GRANTED IN PART** and **DENIED IN PART** as follows:

(1) Defendant's expert designation deadline is **EXTENDED** to and including October 14, 2021.

(2) The parties' request for extensions of the various pretrial deadlines is **GRANTED IN PART**. Specifically, the following deadlines will be extended for approximately 30 days:

    a. Discovery to and including December 6, 2021;

    b. Mediation to and including December 17, 2021; and

    c. Dispositive motions to and including January 14, 2022.

The parties are advised that they should plan to complete the briefing of any dispositive motions within the deadlines set by the local rules and without extension of such deadlines.

(3) The parties' stipulation that Plaintiff's medical records that have been produced and will be produced are admissible without further proof of authenticity is **NOTED**, though the Court declines to issue any specific order in that regard.

(4) Within 14 days of the entry of this Order, Plaintiff shall produce the following:

    a. All medical bills pertaining to the services referenced in the medical records that have been and are being produced.

    b. All medical records for 2010 through the present, with the exception of records from the four (4) providers listed below.

    c. Written responses to Defendant's Request for Production of Documents.

(5) Within 30 days of the entry of this Order, Plaintiff shall produce the following:

    a. All medical records for 2010 through the present from the following providers:

        i. Care Partners

        ii. Mission/My Care Plus

        iii. TASC – Insight Human Services

        iv. W.N.C./Minnie Jones Family Health Center

    b. Plaintiff's application for Social Security disability benefits.

(6) This Order is without prejudice to the parties' rights to argue whether additional medical information for Plaintiff, such as information generated prior to 2010, is relevant to and discoverable in this case.

(7) The undersigned **DECLINES** to issue an order regarding the scheduling of the remaining depositions the parties intend to take. Counsel are expected to work cooperatively to attempt to agree on the dates for the depositions or, if they are unable to agree, to schedule such depositions pursuant to the Rules of Civil Procedure.

(8) Defendant's request for an award of fees and expenses relative to the Motion is **DENIED WITHOUT PREJUDICE**. Should Plaintiff fail to produce the documents and information as directed by this Order, Defendant may renew the request.

Signed: August 24, 2021

W. Carleton Metcalf
United States Magistrate Judge